United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 7, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51545
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS ROGELIO NAVAREZ-PINEDA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-1580-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Jesus Rogelio Navarez-Pineda appeals his 46-month sentence of imprisonment imposed following his guilty-plea conviction for illegal reentry into the United States following deportation, in violation of 8 U.S.C. § 1326. He argues that his sentence was unreasonable because the district court failed to properly weigh the sentencing factors set forth in 18 U.S.C. § 3553(a) and imposed a term of imprisonment greater than necessary to satisfy the sentencing goals set forth in § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Navarez-Pineda's sentence was within a properly calculated advisory guideline range and is presumed reasonable.  See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).  Giving "great deference" to such a sentence, and recognizing that the sentencing court considered all the factors for a fair sentence under § 3553(a), we conclude that Navarez-Pineda has failed to rebut the presumption that his sentence was reasonable.  See id.

Navarez-Pineda argues for the first time on appeal that in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), the 46-month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment.  He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Navarez-Pineda's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Navarez-Pineda properly concedes that his argument is foreclosed in light

of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.